Leland K. Faux, Esq.
Idaho Bar No. 10246
LELAND FAUX, ESQ. PLLC
381 Shoup Ave, Ste 214
Idaho Falls, Idaho 83402
T: (208) 497-2214
Leland@LelandFaux.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KODA BOWEN,<br><br>       Plaintiff,<br><br>vs.<br><br>MEDICAL RECOVERY SERVICES, LLC; an Idaho limited liability company; SMITH, DRISCOLL, & ASSOCIATES, PLLC; an Idaho professional limited liability company; INTERMOUNTAIN EMERGENCY PHYSICIANS, PLLC, an Idaho professional limited liability company; DOES I – X, inclusive;<br><br>       Defendants, | Case No.:<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff Koda Bowen, by and through the undersigned counsel, alleges and complains as follows:

## PARTIES

1. Plaintiff Koda Bowen is an individual residing in Bonneville County, Idaho. He is a disabled individual with limited means.

2. Defendant MEDICAL RECOVERY SERVICES, LLC ("MRS") is an Idaho limited liability company who, at all times relevant to this action, was engaged in trade and commerce as a debt collector in Idaho, including in Bonneville County.

COMPLAINT - 1

3. Defendant SMITH, DRISCOLL, & ASSOCIATES, PLLC ("SDA") is an Idaho professional limited liability company who, at all times relevant to this action, was engaged in trade and commerce as a debt collector in Idaho, including in Bonneville County.

4. Defendant INTERMOUNTAIN EMERGENCY PHYSICIANS, PLLC ("IEP") is an Idaho professional limited liability company who, at all times relevant to this action, was engaged in trade and commerce as a medical provider in Idaho, including in Bonneville County.

5. The true names and capacities of Defendants I through X, inclusive, ("Doe Defendants") are unknown to Mr. Bowen who therefore sues said Doe Defendants by such fictitious names. Mr. Bowen is informed and believes and thereon alleges that each of the Doe Defendants may be legally responsible in some manner for the events and happenings referenced in this Complaint. Mr. Bowen will seek leave of the Court to amend this Complaint to insert the true names and capacities of such Doe Defendants upon ascertaining the identity of such Doe Defendants.

**JURISDICTION AND VENUE**

6. This case arises under the FDCPA, 15 U.S.C. § 1692 *et seq*.

7. Jurisdiction of this matter is granted to this court by U.S.C. §§ 1331 (federal question jurisdiction) and this court has supplemental jurisdiction over the related Idaho state law matters under 28 U.S.C. § 1367.

8. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in Bonneville County, Idaho, which is within the federal district.

## GENERAL ALLEGATIONS

9. Due to disability, Mr. Bowen has medical coverage through Medicare/Medicaid.

10. In or around 2019, Mr. Bowen visited the emergency room at East Idaho Regional Medical Center (EIRMC) as he had done on previous occasions.

11. EIRMC and IEP are participating providers in Medicare/Medicaid and billed and accepted Medicare/Medicaid in relation to these prior visits.

12. As a participating provider, IEP had a duty to accept Medicaid payment for any item or service as payment in full and to make no additional charge to participants or other parties for the difference.

13. However, for reasons unknown to Mr. Bowen, IEP failed or refused to submit or accept payment in full from Medicare/Medicaid for this particular visit.

14. Instead, IEP elected to bill Mr. Bowen directly.

15. IEP then assigned Mr. Bowen's account to collection through MRS.

16. MRS retained the law firm of SDA to sue Mr. Bowen and this lawsuit was filed on February 25, 2020 in Bonneville County, Idaho, Case No. CV10-20-1278.

17. Mr. Bowen did not appear individually or by counsel (and does not recall being served) and MRS obtained a default judgment.

18. On or around September 18, 2020, MRS obtained an order to take a judgment debtor examination of Mr. Bowen. This order contained the following language:

> Based on the applicable law and good cause appearing therefore, the court hereby grants the application and orders you to "appear and answer upon oath concerning [your] property" pursuant to Idaho Code Section 11-501 at the following address at 9:00 a.m. on Wednesday, January 6, 2021: Bonneville County Courthouse 605 N Capital Idaho Falls, ID 83402.

> FAILURE TO APPEAR AS DIRECTED by this ORDER will result in a contempt proceeding being filed against you, and the Plaintiff seeking an arrest warrant whose execution and return shall be in the same manner as a warrant of arrest in a criminal case.

19. SDA sent a copy of this order to Mr. Bowen along with a letter, which included the following language:

> Pursuant to the attached Order, you are required to appear before the court at 9:00 a.m. on January 6, 2021 and answer questions regarding a Judgment taken against you by Medical Recovery Services, LLC. If you fail to appear before the Court at 9:00 a.m. on January 6, 2021, you could ultimately be found in contempt in which we may seek an Arrest Warrant, and the County Sheriff's Department may arrest you and bring you before the Court.

20. The instructions in this letter were inconsistent with the actual order from the court. The court order only required Mr. Bowen to answer "regarding his property" but this letter expands the scope of the order to include answering "questions regarding a Judgment." The letter further suggested that his failure to appear to answer these questions would result in an arrest warrant.

21. On January 4, 2021, Mr. Bowen did not recall where the paperwork regarding the examination was but knew that it was coming up and that his failure to appear would result in an arrest warrant.

22. On January 4, 2021, Mr. Bowen, by and through counsel, sent a letter to SDA informing SDA/MRS that he was represented by counsel and advising them that he was exempt from collection. This letter also included the following request:

> My client has indicated to me that he is supposed to appear in court. I have not yet seen any of this paperwork. Based on the docket, it looks like this would be for a judgment debtor examination.

COMPLAINT - 4

> It is my hope that we can resolve this judgment without running up MRS's claims for supplemental attorney's fees. I will be meeting with my client in the next week or so to review this situation and I anticipate discussing resolution with you afterwards. In the meantime, would you be willing to send me the following:
>
> - a copy of the judgment
> - the underlying court submissions
> - the order for the judgment debtor examination, and
> - an accounting of any payments made on the account?
>
> This information would assist me to review this situation with my client.

23. This letter was sent via email to the following email addresses: filing@eidaholaw.com, bnz@eidaholaw.com, rec@eidaholaw.com.

24. Based on information and belief, SDA actually opened this email and noted in their system that Mr. Bowen was represented by attorney Leland Faux.

25. On January 5, 2021, Mr. Bowen located the paperwork regarding the examination after normal work hours and sent it to his counsel via fax.

26. On January 6, 2021, Mr. Bowen appeared at the Bonneville County Courthouse at 9:00 am without counsel.

27. No one from MRS or SDA appeared at that time. Mr. Bowen therefore asked the clerk what to do.

28. By that time, Mr. Bowen had been waited in court for approximately an hour and a half. Ultimately, the clerk called DSA's office to inform them that Mr. Bowen was waiting in court.

29. Due to this experience, Mr. Bowen felt pressured to agree to make payments to MRS and did make payments until he could no longer afford to do so.

///

COMPLAINT - 5

## FIRST CAUSE OF ACTION
### Violation of the FDPCA (15 USC § 1692 et seq.)
### (Against MRS and SDA)

30. Mr. Bowen repeats and realleges the foregoing paragraphs as though set forth fully herein.

31. MRS and SDA regularly collect or attempt to collect debts owed, due, or asserted by another and are each a debt collector within the meaning of the FDCPA.

32. Mr. Bowen is a consumer within the meaning of the FDCPA.

33. MRS and SDA violated the FDCPA in at least the following ways:

   a. Communicating directly with Mr. Bowen after being informed of representation—1692c(a)(2).

   b. Misleading Mr. Bowen regarding the scope of the order of examination—1692e.

   c. Communicating directly with Mr. Bowen after being informed of representation on issues exceeding the scope of the order of examination—1692c(a)(2).

   d. Engaging in unfair and unconscionable means to attempt to collect the alleged debt—1692f. This includes, without limitation, pressuring Mr. Bowen to make payments towards the judgment after making him wait for a substantial amount of time under threat or fear of arrest and without consideration of exemptions.

34. Mr. Bowen has incurred actual damages as a result of MRS/SDA's conduct, including the payment of exempt funds.

35. Mr. Bowen is entitled to recover statutory damages of up to $1,000.

36. Mr. Bowen is entitled to recover his attorney's fees incurred pursuant to the FDCPA.

## SECOND CAUSE OF ACTION
### Idaho Consumer Protection Act, Idaho Code Title 48 Chapter 6 ("ICPA")
### (Against MRS and SDA)

37. Mr. Bowen repeats and realleges the foregoing paragraphs as though set forth fully herein.

38. Mr. Bowen entered into a contract for medical services with IEP.

39. MRS is a "Person" in "Trade" as defined by Idaho Code 48-602.

40. SDA is a "Person" in "Trade" as defined by Idaho Code 48-602.

41. Specifically, MRS and SDA engaged in Trade and Commerce within the meaning of the ICPA by collecting debts arising out of the sale or lease of goods or services or distributing goods or services, either to or from locations within the state of Idaho, or directly or indirectly affecting the people of this state.

42. MRS/SDA engaged in unfair and deceptive acts in violation of the ICPA in at least the following ways:

   a. Engaging in misleading, false, or deceptive conduct as stated in Paragraph 33(a)-(d).

   b. Engaging in an unconscionable method, act or practice in the conduct of trade or commerce as stated in Paragraph 33(a)-(d).

43. As a result of the conduct described above, Mr. Bowen has suffered ascertainable loss within the meaning of Idaho Code 48-608.

44. Under Idaho Code 48-608(1), Mr. Bowen is entitled to recover actual damages or $1,000, whichever is the greater, for each discrete violation of the ICPA.

COMPLAINT - 7

45. Mr. Bowen has experienced emotional distress as a result of MRS/SDA's conduct and this distress has manifested physically in the form of lost sleep, stress, anxiety, and worry.

46. In addition, Mr. Bowen is entitled to seek and does seek an order enjoining MRS/SDA from the employment of deceptive or unfair conduct, and to any other relief as the court deems just and necessary, including declaratory relief.

47. MRS/SDA repeatedly violated the ICPA in its dealings with Mr. Bowen. The defendants are hereby notified that punitive damages may be sought in this action pursuant to Idaho Code 48-608.

48. Under Idaho Code 48-608(5), the Idaho legislature has mandated that Idaho courts "shall" award reasonable attorney's fees and costs to a prevailing consumer.

49. Mr. Bowen has asserted this action based on his good-faith belief that the violations asserted in this cause of action have occurred and that he is entitled to the relief requested. This action is not brought to harass the Defendants.

### THIRD CAUSE OF ACTION
### Idaho Consumer Protection Act, Idaho Code Title 48 Chapter 6 ("ICPA")
### (Against IEP)

50. Mr. Bowen repeats and realleges the foregoing paragraphs as though set forth fully herein.

51. IEP is a "Person" in "Trade" as defined by Idaho Code 48-602.

52. MRS/SDA engaged in unfair and deceptive acts in violation of the ICPA in at least the following ways:

   a. Representing to the public that it is a program participant of Medicare/Medicaid and refusing or failing to accept Medicaid payment

    for any item or service as payment in full and to make no additional charge to participants or other parties for the difference.

  b. Falsely and wrongfully charging fees to Mr. Bowen instead of to Medicare/Medicaid.

  c. Authorizing or causing Mr. Bowen to be subjected to collection and suit for unlawful and improper charges.

  d. Engaging in an unconscionable method, act or practice in the conduct of trade or commerce.

  e. Engaging in any other false, deceptive, or misleading conduct which, due to its deceptive nature, has not yet been ascertained at the time of filing.

53. As a result of the conduct described above, Mr. Bowen has suffered ascertainable loss within the meaning of Idaho Code 48-608.

54. Under Idaho Code 48-608(1), Mr. Bowen is entitled to recover actual damages or $1,000, whichever is the greater, for each discrete violation of the ICPA.

55. Mr. Bowen has experienced emotional distress as a result of IEP's conduct and this distress has manifested physically in the form of lost sleep, stress, anxiety, and worry.

56. In addition, Mr. Bowen is entitled to seek and does seek an order enjoining IEP from the employment of deceptive or unfair conduct, and to any other relief as the court deems just and necessary, including declaratory relief.

57. Based on information and belief, IEP has engaged in a regular and systematic practice of engaging in conduct which is misleading, deceptive, or confusing to patients specifically in relation to insurance, plan coverage, and payment. Rather than

avoiding or resolving this confusion, IEP sends the accounts to collection to the detriment of the Idaho public, including Mr. Bowen in this case.

58. MRS/SDA repeatedly violated the ICPA in its dealings with Mr. Bowen and the Idaho public. The defendants are hereby notified that punitive damages may be sought in this action pursuant to Idaho Code 48-608 and to disgorge IEP of ill-gotten gains.

59. Under Idaho Code 48-608(5), the Idaho legislature has mandated that Idaho courts "shall" award reasonable attorney's fees and costs to a prevailing consumer.

60. Mr. Bowen has asserted this action based on his good-faith belief that the violations asserted in this cause of action have occurred and that he is entitled to the relief requested. This action is not brought to harass the Defendants.

## FOURTH CAUSE OF ACTION
### Breach of Contract
### (Against IEP)

61. Mr. Bowen repeats and realleges the foregoing paragraphs as though set forth fully herein.

62. Mr. Bowen entered into a contract for medical services with IEP.

63. Material to this contract was IEP's representation that it was a Medicaid program participant and that it would therefore accept Medicaid payment for any item or service as payment in full and make no additional charge to participants or other parties for the difference.

64. This included an undertaking by IEP of timely submitting requests for payment to Medicare/Medicaid.

65. IEP had acted consistent with this understanding in prior services to Mr. Bowen.

66. IEP breached this contract by failing or refusing to request payment from Medicare/Medicaid, by failing to accept Medicaid payments as payment in full, and by failing to make no additional charge for the services.

67. Mr. Bowen has been damaged as a result of IEP's breach.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Bowen prays for the following relief:

1. For judgment against the Defendants for actual damages, including general damages, or not less than $1,000, whichever is greater;

2. For statutory damages under the FDCPA of up to $1,000;

3. For an order enjoining the Defendants from engaging in conduct in violation of Idaho law;

4. For an award of costs and reasonable attorney's fees; and

5. For such other and further relief as the Court deems just and equitable.

6. In the event of default judgment for non-appearance, Plaintiff will request attorneys fees in an amount up to $1,500.00.

DATED: January 5, 2022

/s/ Leland K. Faux
Leland K. Faux, Esq.
Idaho Bar No. 10246
*Attorney for Plaintiff*